# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LAROY PHELPS,<br><br>                            Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                            Defendant. | Case No. 15-cv-2409-BAS(RBB)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

      Plaintiff Rickey LaRoy Phelps, proceeding *pro se*, filed a 3-page handwritten complaint arising from a past criminal proceeding and an encounter involving individuals named Bryanna F. and Tressor Ndandu. There is no identifiable request for relief in the complaint. In the civil cover sheet, Plaintiff describes the action as follows: "I had nothing to do with the [D]etroit case of Tresor and I never raped or touched Breana [sic] no DNA of mine found." And it appears that Plaintiff has failed to properly effect service.

      As a *pro se* litigant, the Court construes Plaintiff's complaint liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights

cases where the plaintiff appears *pro se*, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt."). "It is settled law that the allegations of [a *pro se* plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[.]'" *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** the action in its entirety for lack of subject matter jurisdiction.

## I. ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); s*ee also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that

"a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp.*, L.P., 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

The complaint itself does not specifically invoke any particular jurisdiction, including diversity and federal question. However, looking to the Civil Cover Sheet attached to the complaint, Plaintiff checked the box for "U.S. Government Defendant" under "basis of jurisdiction." Upon reviewing the complaint, there is no mention of the United States Government as a party this action. Rather, the defendant in this action is identified as the People of the State of California. And though Plaintiff mentions a "racist trail" against him and "unconstitutional" statements argued by the district attorney, even liberally construing the complaint, without knowing the relief sought, the Court cannot determine that Plaintiff asserts a claim that arises from the U.S. Constitution or a federal statute.

Plaintiff also lacks diversity jurisdiction. There is no identifiable amount in controversy. Furthermore, Plaintiff indicates in the civil cover sheet that he is a citizen of California, and it is apparent that Defendant is also a citizen of California. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco*, 236 F.3d at 499. Given that both Plaintiff and Defendant are citizens of California, Plaintiff also lacks diversity jurisdiction in this action. *See id.*

The Court also notes that Plaintiff's proof of service is defective as it fails to comply with Rule 4(c), which states that "[a]ny person who is at least 18 years old and *not* a party may serve a summons and complaint," and Rule 4(j)(2). Based on the

1  last order mailed to Plaintiff being returned as undeliverable with no forwarding
2  address, Plaintiff also fails to comply Civil Local Rule 83.11. If this action proceeds,
3  it is important that Plaintiff complies with these rules. Failure to do so may result in
4  sanctions under Civil Local 83.1, including dismissal of this action.

6  **II.   CONCLUSION & ORDER**
7  In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE**
8  Plaintiff's complaint in its entirety for lack of subject matter jurisdiction.
9  **IT IS SO ORDERED.**

11 **DATED:  June 21, 2016**

Hon. Cynthia Bashant
United States District Judge